UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:25-cr-00020-TWP-KMB |
| ) | |
| DARREN RINGENBERG, ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States, by and through John E. Childress, Acting United States Attorney for the Southern District of Indiana, and MaryAnn T. Mindrum, Assistant United States Attorney, hereby submits this Sentencing Memorandum in support of a sentence for the Defendant Darren Ringenberg of **45 years of imprisonment to be followed by a lifetime of supervised release**.

### I.   Introduction

The dangers of online conversations are real.  This case is a prime example of that.  The Defendant, 28 years old, groomed and preyed on a nine-year-old girl over Snapchat, enticing her to send him sexually explicit images and videos.  He screen-recorded many of these conversations, as he did with many other unidentified girls.   The Defendant also happened to be a lifetime registered sex offender that was on probation at the time.

The actions of the Defendant support a **45-year sentence**, a long sentence within the advisory sentencing guidelines that reflects the Defendant's conduct in this matter, as well as serves to protect the public from an individual who has a sexual interest in children and has acted upon these urges even despite a prior conviction.

## II. Background[1]

The Defendant was a resident of Louisville, Kentucky. On or about October 15, 2019, the Defendant was convicted of twenty counts of Possession of Matter Portraying a Sexual Performance by a Minor, in violation of KRS 531.335, Jefferson County, KY, and sentenced to 5 years of probation on each count to run concurrent with each other. As a result of his conviction, the Defendant was required to register as a sex offender for life.

From on or about June 15, 2023, through on or about June 17, 2023, the Defendant, using the Snapchat username "devil_hell6969", communicated with Minor Victim 1 on Snapchat and enticed her to send the Defendant sexually explicit images and videos. The Defendant would screen-record many of these conversations over this time period. At the time of the communications, Minor Victim 1 was a nine-year old female residing in Monroe County, Indiana, within the Southern District of Indiana.

On October 24, 2023, law enforcement executed a federal search warrant on Defendant's residence in Louisville, Kentucky and seized a Samsung Galaxy S21 Phone, which was located in Ringenberg's bedroom. The Snapchat account "devil_hell6969" was found on the device. Also located on the Samsung Galaxy S21 were many Snapchat screen recordings of Minor Victim 1 engaged in sexually explicit conduct, including but not limited to:

- **Count 1: Screen_Recording_20230616_061255_Snapchat.mp4 (on or about June 16, 2023, 10:12am):** Video depicting Minor Victim 1 masturbating, with the minor's genital/pubic area visible.

---

[1] The detailed facts pertaining to this matter are described in detail in the factual basis within the Plea Agreement (Dkt. 44, ¶ 23 and the final PSR (Dkt. 52, ¶¶ 9-18), all of which are incorporated by reference in this sentencing memorandum. To the extent there are facts discussed herein that are not present in either the Plea Agreement or PSR, the government will present testimony to support these facts and/or supply a witness for cross examination.

- **Count 2: Screen_Recording_20230617_103415_Snapchat.mp4 (on or about June 17, 2023)**: Video depicting Minor Victim 1 masturbating, with the minor's genital/pubic area visible. Part of the Snapchat conversation between the Defendant and Minor Victim 1 is visible on the screen recording. Minor Victim 1 states: "Fine, but this is the last one". Defendant replies "Ok but rlly put it in deep like it's my cock". Minor Victim 1 states "I can't do that, but at least I did my best." Defendant states "Yes u did babygirl". Minor Victim 1 states "Ty".

The Defendant was on the sex offender registry when he committed the offenses charged in Counts 1 and 2 of the Information. This is the basis for Count 3 of the Information.

Several other screen recordings were located on the Samsung Galaxy S21 of other unidentified females engaging in sexually explicit conduct, such as exposing the genital areas, some of whom appear to be minors.

Detectives obtained a search warrant for the "devil_hell6969" Snapchat account. The account contained information confirming that the Defendant's account "devil_hell6969" had many Snapchat interactions with Minor Victim 1. The majority of the conversations and content were no longer saved to the account, but the following few messages were still present:

- Devil_hell6969 (June 16, 2023): Hehe sure [smiley face sticking out tongue symbol] and let me hear ur cute voice

- Devil_hell6969 (June 16, 2023): [Symbols: Smiley face with hearts x3] I want to kiss them so bad rn

- Devil_hell6969 (June 17, 2023): Why don't u feel comfortable with me now babygirl

- Devil_hell6969 (June 23, 2023): Okay want me to get u

The "devil_hell6969" Snapchat account also contained text messages between the Defendant and various other online users. Many of those conversations were sexual in nature and involved users who state their age to be under sixteen years of age yet the Defendant continues communicating with them, often asking "Want to see my huge cock". Additionally, the Defendant frequently asked users to take pictures of their feet and send them to him.

Minor Victim 1 was forensically interviewed and the following is a general summary of some of those disclosures: Minor Victim 1 stated that Minor Victim 1 took and sent photographs and videos to "devil_hell6969" at his request. This included what pose "devil_hell6969" wanted her in for a picture, as well as pictures of her genital area and face. Minor Victim 1 stated that"devil_hell6969" would ask Minor Victim 1 to take pictures of her feet and send them to him. Minor Victim 1 stated that the male subject wanted Minor Victim 1 to rub her "no no square" with her fingers and send him the pictures. Minor Victim 1 identified her "no no square" as her vagina. Minor Victim 1 stated that she never met"devil_hell6969", but the individual told her that they could meet someday in the future.

In a recorded post-Miranda statement, the Defendant confirmed that that he was a life-time sex offender and was still on probation. The Defendant also indicated that he had been recently viewing child pornography.

### III.    Argument

**A. A Sentence of 45 Years of Imprisonment is Sufficient But Not Greater Than Necessary.**

A sentence of **45 years of imprisonment with a lifetime of supervised release to follow** is an appropriate sentence in this matter. Here, the advisory sentencing guidelines appropriately capture the nature and circumstances of the offense, the Defendant's exploitation of Minor Victim 1, and his criminal history.

A sentence of **45 years' imprisonment** reflects the seriousness of the Defendant's conduct, promotes respect for the law, affords adequate deterrence, provides just punishment, and protects the public from further harm from this Defendant.

**(1) Nature and Circumstances of the Offense**

The Defendant, knowing full well that he was a registered sex offender, preyed on a nine-year-old child on Snapchat, and enticed her to send him sexually explicit images and videos. Since Snapchat is designed to delete Snaps and chats after they are viewed, the Defendant screen-recorded these conversations so that he could keep these images and videos in his collection. He had a collection of many other screen recordings of girls that appeared to be minors – however, they have been unable to be identified by law enforcement. The Defendant did this knowing that he was a lifetime registered sex offender and still on probation at the time. The nature and circumstances of this offense alone justify the **45-year** sentence.

**(2) History and Characteristics of the Defendant**

The Defendant is a lifetime registered sex offender, having been previously convicted of twenty counts of Possession of Matter Portraying a Sexual Performance by a Minor, in violation of KRS 531.335, Jefferson County, KY in 2019, and sentenced to 5 years of probation on each count to run concurrent with each other.

The Defendant's history and characteristics do not outweigh the nature and circumstances of this offense or the danger he is to society.

### (3) Seriousness of the Offense, Promotion of Respect for the Law, and Provision of Just Punishment

The sentence ultimately imposed on the Defendant must also reflect the seriousness of Defendant's offenses, promote respect for the law, and provide a just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A).

Enticing children over the internet to send sexually explicit images is an enormously serious offense. Young victims need and deserve protection just as much as any other vulnerable members of society. This agreed upon sentence reflects the seriousness of this crime and provides just punishment.

### (4) Afford Adequate Deterrence and Protect the Public

The sentence imposed on the Defendant must also afford adequate deterrence to criminal conduct of this nature and protect the public from further crimes of the Defendant. 18 U.S.C. § 3553(a)(2)(B) and (C). A sentence of **45 years** for the Defendant's conduct here is a significant sentence and necessary here to ensure that the Defendant is no longer a danger to children and families in the community and understands the repercussions of his actions. The public can only be protected from like-minded individuals with an appropriate sentence and **45 years** is appropriate here.

### (5) Avoid Unwarranted Sentencing Disparities

In fashioning a sentence, the Court is obligated to consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). A sentence of **45 years** would avoid any unwarranted sentencing disparities among similar defendants for similar offenses. In this district, in *United*

*States v. Sonny Applegate*, the Court sentenced Applegate to **44 years to be followed by a lifetime of supervised release** after pleading guilty to two counts of sexual exploitation of a child and one count of committing a felony offense while required to register as a sex offender – the same charges that the Defendant is facing here. Applegate was convicted of possession of child pornography in Marion County, and while on probation for that offense, used Snapchat to communicate with an 11-year-old child, causing the child to send him images and videos of themselves engaging in sexually explicit conduct. The Defendant's conduct here mirrors the conduct in *Applegate*.

### B. Restitution

As per the Plea Agreement, the Defendant has agreed to pay restitution to Minor Victim 1 in an amount of **$10,000**. Dkt. 44 ¶ 9(C). There are no additional identified victims for purposes of restitution.

## II. Conclusion

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court sentence the Defendant Darren Ringenberg to **45 years of imprisonment to be followed by a lifetime of supervised release to follow**, and for all other just and proper relief.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

Date: 5/22/2025            By:   /s MaryAnn T. Mindrum
                                 MaryAnn T. Mindrum
                                 Assistant United States Attorney
                                 Office of the United States Attorney
                                 10 West Market Street, Suite 2100
                                 Indianapolis, IN 46204
                                 Tel: (317) 226-6333
                                 E-mail: MaryAnn.Mindrum@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2025, a copy of the foregoing GOVERNMENT'S SENTENCING MEMORANDUM was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s MaryAnn T. Mindrum
MaryAnn T. Mindrum
Assistant United States Attorney
Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204
Tel: (317) 226-6333
E-mail: MaryAnn.Mindrum@usdoj.gov